**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2189
_____

UNITED STATES OF AMERICA

v.

EDWIN RAMON ACOSTA-BRITO,
also known as Edwin Acosta,
also known as Hector M. Vazquez-Roldan,
also known as Samuel Rivera,
also known as Hector Vazquez,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 10-cr-00695-001)
District Judge:  Honorable William H. Yohn
_____

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2012
_____

Before: VANASKIE, BARRY and CUDAHY,[*] Circuit Judges

(Opinion Filed:  May 08, 2012)

---

[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of
Appeals for the Seventh Circuit, sitting by designation.

_____

OPINION
_____

BARRY, Circuit Judge

Appellant Edwin Ramon Acosta-Brito ("Acosta") appeals his judgment of sentence after pleading guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. His counsel filed a motion to withdraw, and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Third Circuit L.A.R. 109.2(a), asserting that there are no non-frivolous issues on appeal. We will affirm and grant the motion to withdraw.

**I.**

The facts of this case are straightforward. Acosta is a citizen of the Dominican Republic who illegally entered the United States in August 2001. He was served with a notice to appear, but he did not appear at his hearing and was ordered removed *in abstentia*. In February 2004, he was apprehended by immigration officials in Pennsylvania and, a month later, was deported to the Dominican Republic. In June 2006, immigration officials discovered that Acosta had reentered the United States. He was charged with illegal reentry and being an illegal alien in possession of a firearm, and was sentenced to 30 months' imprisonment followed by three years supervised release. Acosta was deported once again on October 1, 2008. On September 16, 2010, immigration officials learned that Acosta had illegally reentered the United States a second time. He was apprehended in Philadelphia and was charged with illegal reentry.

After pleading guilty, the District Court sentenced Acosta to 18 months' imprisonment, to be served consecutively to a nine-month federal sentence that Acosta was already serving for violating his supervised release.  Acosta timely appealed.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Under *Anders v. California*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."  386 U.S. 738, 744 (1967).  "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  With respect to the first requirement:

> The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous.  Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the "conscientious examination" standard . . . .

*Id.*  With respect to our independent review of the record for non-frivolous issues, we generally confine our scrutiny to those portions of the record identified by an adequate *Anders* brief, and the appellant's *pro se* filings.  *See id.* at 301.

Reviewing counsel's *Anders* brief together with the record, we conclude that

3

counsel has satisfied his obligation to conduct a "conscientious examination" of the case. Likewise, our own independent analysis of the record reveals no error in either Acosta's guilty plea or sentence. With respect to the guilty plea, the District Court ensured that the plea was voluntary, found that there was a factual basis for the plea, and otherwise satisfied the procedural requirements of Federal Rule of Criminal Procedure 11. With respect to sentencing, the Court ensured that Acosta had received and read the presentence investigation report, correctly calculated the guideline range,[1] clearly indicated that the guidelines are advisory; analyzed the factors under 18 U.S.C. § 3553; and otherwise satisfied the procedural requirements of Federal Rule of Criminal Procedure 32.[2] Finally, the sentence itself is substantively reasonable. Despite the government's argument that Acosta should be sentenced at the high end of the guideline range, the Court imposed a sentence at the bottom of the range. In so doing, the Court properly balanced the need for deterrence given Acosta's multiple illegal entries against other factors, including Acosta's claim that he was motivated to return to the United States out of concern for his family. In sum, the Court gave "rational and meaningful

---

[1] Acosta was subject to a base offense level of 8 under USSG § 2L1.2(a) plus an additional 8 levels under § 2L2.1(b)(1)(C) for having been previously deported for an aggravated felony (*i.e.*, alien in possession of a firearm). After subtracting three levels for acceptance of responsibility, Acosta had a total offense level of 13, criminal history category III, resulting in an advisory guideline range of 18 to 24 months' imprisonment.

[2] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (an appeals court ensures "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

4

consideration" to the factors of § 3553(a), and the bottom of the guidelines sentence was reasonable. Acosta has not filed a *pro se* brief or otherwise alleged any specific error. Accordingly, we find no nonfrivolous grounds for appeal.

## III.

For the foregoing reasons, we will affirm the judgment of sentence. Pursuant to Third Circuit L.A.R. 109.2(b), we conclude that the issues presented in this appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court of the United States We grant counsel's motion to withdraw.

---

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.").

5